# GUARANTY TRUST COMPANY OF NEW YORK

*v.*

# PORTO RICO GAS COMPANY.

San Juan, Equity, No. 1042.

APPLICATION FOR TEMPORARY RECEIVER.

Receivership—New Equity Rules.

1. The procedure as to receivership is a special remedy and should be analogous to that provided as to injunctions.

Foreclosure—Oath.

2. Under equity rule 25, bills asking special relief, including receivership, should be under oath.

Foreclosure—Notary.

3. A bill may be properly sworn to before a notary without the certificate of the secretary of state.

Foreclosure—Certificate of Registration.

4. Under the Porto Rican Mortgage Law a mortgage to be effective against third parties must be registered, and this must appear in the bill.

Receivership—Bond.

5. A bond is not required except in bankruptcy as a preliminary to the granting of a receivership, but all proper terms may be imposed.

Receivers—Joint.

6. Where nonresident bondholders suggest a proper but nonresident receiver, the court may appoint him and add also another within the jurisdiction.

Opinion filed December 2, 1919.

*Mr. J. Henri Brown* for plaintiff.

Guaranty Trust Co. v. Porto Rico Gas Co.

*Mr. II. G. Molina* as amicus curiæ.

HAMILTON, Judge, delivered the following opinion:

The bill in this case seeks the foreclosure of a mortgage made by the defendant to the plaintiff as trustee, alleging default for about two years in the payment of interest. The plaintiff is a nonresident, as is also the defendant, and no official of the defendant company resides or is at present in Porto Rico. The management of the business is in the hands of Mr. George H. Joy.

1. The new equity rules do not cover fully the procedure as to receivership, but it is a special remedy, not only auxiliary to the main relief, but, much like an injunction, to be had pendente lite in order to be efficacious at all. It would seem, therefore, that, except so far as required by the nature of the case, the procedure should be analogous to that as to injunctions, under new equity rule 73.

2. The bill in this case is sworn to, and makes the mortgage sued on an exhibit. The bill alleges that the mortgage was duly registered in Porto Rico, but there is no certificate of the registrar that this was done. Although equity originated in canon law and the oath played a great part in its development, it by no means follows, under the modern practice, that all bills must be under oath. A bill in equity can be a mere pleading, as at law, and need not be under oath. But under new equity rule 25 bills asking special relief, which includes relief pendente lite, should be under oath. This is no doubt due to the fact that, where preliminary relief is sought, evidence must be adduced, and if the bill is to be used as basis for this relief it must be

sworn to, so as to be the equivalent of an affidavit, which is ordinarily the kind of evidence introduced on motions in equity. A similar procedure applies in preliminary injunctions. New Equity Rule 73.

3. A receiver can be appointed without notice, and there are cases where it would defeat the whole object of the suit to give a notice of application for a receiver. It would seem better, however, in analogy to injunctions where no harm would be done by the short delay, to hear the defendant before the receiver is appointed, and the case at bar seemed to call for this procedure. While the defendant did not formally appear, the local manager came into court and suggestions were made on his behalf. Thus, it was suggested that the bill, while sworn to on its face, was sworn to before a notary whose position was not in turn certified by the secretary of state or any other official of New York. This, however, is not required. The exact point was passed upon adversely by this court in Bigelow v. Porto Rico Planters Co. 7 Porto Rico Fed. Rep. 386. The bill in this case is to be considered sufficiently verified so far as relates to the notary.

4. The case is by no means so clear as to the lack of certificate of registration of the mortgage. The sworn bill alleges registration, but that is not the best proof of registration. It is required by the local Mortgage Law that a mortgage, to be effective, at least as against third parties, must be registered. It is true that the suit in question is in effect between the mortgagor and the mortgagee, and this court must not be considered as holding that the instrument is not good as between the parties, regardless of registration. Nor would it necessarily be held that, even as against third parties, the court would not pro-

ceed without such a certificate if there were any reason why the certificate could not be readily obtained. The remedy of receivership to be effective must be quick. But in the case at bar the registrar is in San Juan and the plaintiff has agreed in open court to supply the certificate. Supposing this amendment to have been made, the court will proceed with the other matters involved.

5. In bankruptcy proceedings the law requires that a bond be given by the applicant for a receiver to protect the defendant against the results of receivership if improperly granted in bankruptcy. Bankruptcy Act of 1898, § 3 (e). This does not seem to be the case with receivership outside of bankruptcy. As the appointment of a receiver is in the court's discretion, terms may be imposed varying with the particular cases, and there might be instances in which a preliminary bond should be required. It would be going very far to require it of a mere trustee under a mortgage. In this case, therefore, it is unnecessary.

6. The receivership prayed for will be granted upon the filing of the certificate of registration above mentioned. The bondholders have suggested Mr. R. M. Redding as receiver, and there appears to be no objection to him personally. He is not at present a resident of Porto Rico, and seems to be on the Island for the purposes of this case. His impartiality and ability are not questioned. It seems best to the court, however, not to have the receivership entirely in the hands of a nonresident. Making and distribution of gas is a public utility, not only dependent upon the earnings coming from the public, but, under modern conditions, almost a vital necessity for the public in such cities as San Juan. The interests of the bondholders are not the only

Guaranty Trust Co. v. Porto Rico Gas Co.

ones to be consulted, especially in the matter of appointing a receiver. It would seem that there should be a local receiver also, and when the case is ripe for appointment the court will appoint two receivers,—one being the one suggested and the other a local man, Herbert W. Brown,—who will jointly perform the duties of the office. The application in this case is only for a preliminary receiver, and for that purpose the bond need not be as large as in the case of a permanent receiver, if appointed. Therefore, a bond for $10,000 for each preliminary receiver will be sufficient.